# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| LEENDERS DRYWALL, INC.; and DAVID J. LEENDERS, individually and on behalf of his marital community, | No. 72595-5-I |
| Respondents, | DIVISION ONE |
| v. | |
| ADRIAN AYALA, individually and on behalf of his marital community; CHRISTIAN BARRUETA, individually and on behalf of his marital community; JOAQUIN CADENA, individually and on behalf of his marital community; LEONEL CASTANEDA, individually and on behalf of his marital community; FIDEL CASTRO, individually and on behalf of his marital community; ABRAHAM JIMINEZ ARCE, individually and on behalf of his marital community; GABRIEL LARIOS, individually and on behalf of his marital community; RAFAEL LARIOS, individually and on half of his marital community; CRUZ LAUREANO, individually and on behalf of his marital community; JUAN MARTINEZ, individually and on behalf of his marital community; GONZALO MACIEL GARCIA, individually and on behalf of his marital community; SALVADOR MACIEL GARCIA, individually and on behalf of his marital community; FREDY OROZOCO, individually and on behalf of his marital community; ANGEL GUADALUPE OYTUZ, individually and on behalf of his marital community; ARTURO SOLIS, individually and on behalf of his marital community, | UNPUBLISHED OPINION<br><br>FILED: March 14, 2016 |
| Appellants. | |

LEACH, J. — Appellants (Ayala), all former employees of Leenders Drywall Inc., seek expedited review of the trial court's order denying Ayala's motion to strike Leenders's lawsuit under RCW 4.24.525,[1] the Washington Act Limiting Strategic Lawsuits Against Public Participation (anti-SLAPP statute). Because the Washington Supreme Court declared this statute unconstitutional after Ayala filed this appeal, we dismiss this appeal and remand to the trial court for proceedings consistent with this opinion.

## Background

Ayala filed notices of claim on four public works projects where Leenders worked as a subcontractor, alleging nonpayment of wages. In response, Leenders filed this lawsuit against Ayala. Leenders sought release of Ayala's notices and damages for various alleged torts; Leenders also sought declaratory judgment relief and damages under the Consumer Protection Act, chapter 19.86 RCW. Ayala moved to strike the lawsuit under Washington's anti-SLAPP statute. The trial court denied Ayala's motion to strike. Ayala filed an expedited appeal. This court stayed the appeal, awaiting the Washington Supreme Court's decision in Davis v. Cox.[2] We now review Ayala's appeal in light of the court's decision.

## Analysis

In Davis v. Cox, the Washington Supreme Court declared RCW 4.24.525 unconstitutional because the statute violated a litigant's right to trial by jury: it

---

[1] In its briefing, Ayala inadvertently cites to RCW 4.25.525 but refers to the language of RCW 4.24.525.

[2] 183 Wn.2d 269, 351 P.3d 862 (2015).

allowed a trial court to resolve disputed factual matters and decide the merits of a plaintiff's claim without a trial.[3] Leenders's supplemental briefing asked this court to dismiss Ayala's appeal on this basis.

Ayala acknowledges the unconstitutionality of RCW 4.24.525. But in supplemental briefing, Ayala claims that RCW 4.24.510[4] standing alone provides an independent basis for this court to dismiss Leenders's lawsuit. That statute provides immunity from civil suits based on a defendant's communications with government entities "regarding any matter reasonably of concern to that agency or organization."[5] But Ayala asserted both in his motion to strike and in his opening brief to this court that he was entitled to dismissal because Leenders could not meet the "clear and convincing" evidence requirement of RCW 4.24.525(4)(b) to defeat Ayala's asserted immunity under RCW 4.24.510. Ayala's argument both to the trial court and to this court regarding RCW 4.24.510 thus assumed RCW 4.24.525's constitutionality.

For the first time in a supplemental brief, Ayala asserts that he is entitled to dismissal as a matter of law under RCW 4.24.510, independent of RCW 4.24.525. This court generally will not review a claim not raised in the trial court.[6] We decline to do so in this case.

---

[3] Davis, 183 Wn.2d at 288-96.
[4] In its briefing, Ayala inadvertently cites to RCW 4.25.510 but refers to the language of RCW 4.24.510.
[5] RCW 4.24.510.
[6] RAP 2.5(a).

Conclusion

We dismiss Ayala's appeal and remand to the trial court for proceedings consistent with this opinion.

Leach, J.

WE CONCUR:

Dwyer, J.